

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 13, 1970

Honorable Carl Cox, Director
The Cotton Research Committee
   of Texas
300 Cotton Exchange Building
Dallas, Texas   75201

Opinion No.M-555

Re: Construction of Article
165-4a, Vernon's Civil
Statutes, relating to the
Cotton Research Committee.

Dear Mr. Cox:

Your request for an opinion asks the following question:

"Under the provisions of Article 165-4a,
Vernon's Civil Statutes, is the Cotton Research
Committee authorized to reimburse the research
agency for payment of travel expenses incurred
by the research agency's employee in presenting
an original research paper before a national,
international, regional or state learned society?"

Article 165-4a, Vernon's Civil Statutes, provides as
follows:

"Section 1.  By this Act it is expressly de-
clared that the policy of all the various agri-
cultural agencies of the State of Texas shall be
shaped so that the subject of the increased use
and outlet for farm products, especially cotton,
wool, mohair, oilseed products and other textile
products, shall be stressed as much as the
production of said products; and all of the various
State Agricultural Agencies, Departments, and
State Educational Institutions are hereby directed
to take full and sufficient consideration of the
policy herein established, and that the activities
of the various agencies and institutions mentioned
above be revamped, where same has not already been
done, so as to conform with the provisions of this
Act.

"Sec. 2.  A Cotton Research Committee, com-
posed of the Chancellor or Successor of the Texas

Agricultural and Mechanical College System and the Chancellor or Successor of The University of Texas, the President of the Texas Technological College, and the President of Texas Women's University, is hereby created and established to cause surveys, research and investigations to be made relating to the utilization of the cotton fiber, cotton-seed, wool, mohair, oilseed products, other textile products, and other products of the cotton plant, with authority to contract with any and all State and Federal Agricultural Agencies and Departments of the state, and all State Educational Institutions and State Agencies to perform any such services for said Committee and for the use of their respective available facilities, as it may deem proper, and to compensate such Agencies, Departments and Institutions, to be paid from money appropriated by the Legislature for the purposes of this Act, which appropriations of moneys for research of cotton, wool, mohair, oilseed products and other products of the cotton plant or other textile products are hereby authorized; grants and gifts from the United States or private sources may be accepted for such purposes, and shall be subject only to limitations contained in such grants or gifts.

"Sec. 3. It is the intent of the Legislature that present funds appropriated to the Cotton Research Committee shall be expended for research on cotton and oilseed products. The Legislature may, however, appropriate additional funds and the Cotton Research Committee may spend these funds for research on wool, mohair, or other textile products." (Emphasis added.)

Pursuant to the above quoted provisions, an agreement was entered into between the Texas A&M University System and the Cotton Research Committee for the purpose of conducting research, surveys, and other investigations pursuant to the agreement. The Cotton Research Committee was billed by the Texas A&M University System (as a part of its cost in carrying out the agreement) for certain travel expense incurred by an employee of the Texas A&M University System in presenting a research paper before various national, international, regional and State learned societies, which paper was prepared pursuant to said agreement. The Comptroller of Public Accounts denied payment of such travel

expense on the basis that such expense was not properly charged as a research item. It is the contention of the Comptroller that when the research project has been completed pursuant to the agreement, the findings of such research become the property of the Committee. Any presentation of such research paper before another educational institution or learned society, in the opinion of the Comptroller, is presented under the authority of the Texas A&M University System and, therefore, expenses incurred must be paid from funds of the Texas A&M University System rather than from funds appropriated to the Cotton Research Committee. See Section 15 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriation Act), and similar riders contained in other general appropriation acts.

It is the contention of the Cotton Research Committee that such travel expense constitutes reimbursable costs for the reason that it is the policy of the Committee to publicly disseminate the research results and that such dissemination in the form of presenting such research results to learned societies throughout the United States is an integral part of the costs of research projects.

Section 15 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969 (General Appropriation Act for the biennium ending August 31, 1971), provides:

"Sec. 15. TRAVEL BY OFFICERS AND EMPLOYEES OF AGENCIES OF HIGHER EDUCATION. None of the moneys appropriated by this Act may be expended for official travel expense incurred by members of governing boards, executive and administrative heads, or by any employee of State agencies of higher education except for official business as approved by the appropriate governing board. Official business shall include the formal presentation of original researches by an employee, if before a national, international, regional, or state learned society, and if the travel for such purpose has been approved in advance."

Prior to the inclusion in the general appropriation acts of provisions similar to Section 15 quoted above, it was held in Attorney General's Opinion O-1195 (1939) that travel of the nature outlined in your request did not constitute "State's business". Subsequent to Attorney General's Opinion O-1195, the Legislature has defined travel for official State business for employees of agencies of higher education to include travel for

the purpose of formal presentation of original researches by an employee before national, international, regional or State learned societies. See Attorney General's Opinions S-116 (1953) and WW-379 (1958). Therefore the type of travel outlined in your request is authorized by the provisions of Section 15 of Article V of House Bill 2, Acts of the 61st Legislature, 2nd C.S., 1969, and similar riders contained in other general appropriation acts, rather than the agreement between the Texas A&M University System and the Cotton Research Committee.

Under the aforesaid agreement, the Texas A&M University System, acting through the Texas Engineering Experiment Station, agreed to perform certain research projects for the Cotton Research Committee and to make available to the Committee the results of such research. It was not a part of the agreement that the Texas A&M University System or any of its employees or agencies disseminate results of such project to the public.

It is our opinion, therefore, that the presenting of such research paper by an employee of the Texas A&M University System was not done pursuant to the agreement between the Texas A&M University System and the Cotton Research Committee, and is therefore not an item of reimbursable cost pursuant to the agreement.

### S U M M A R Y

Travel by an employee of the Texas A&M University System for the purpose of presenting original research papers before a national, international, regional or State learned society is made pursuant to riders contained in various general appropriation acts authorizing travel for the purpose of making formal presentation of original researches before a national, international, regional or State learned society.

Under an agreement between the Texas A&M University System and the Cotton Research Committee, entered into pursuant to the provisions of Article 165-4a, Vernon's Civil Statutes, the Texas A&M University System agreed to perform certain research projects for the Cotton Research Committee and to make available to the Committee the results of such research. Under the agreement the Texas A&M University System was not under any obligation to the Committee to disseminate to the public the

results of the research project and travel expense of an employee of the Texas A&M University System in presenting a research paper before certain learned societies does not constitute a reimbursable cost pursuant to the agreement.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Richard Chote
Austin Bray
Rick Fisher
Glenn Brown

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant